IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MOHAMMAD SHARIFI,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 23-00148-KD-B |
| | ) |
| **ROBERT BROUSSARD,** | ) |
| **District Attorney of Madison County, Ala.** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the "6th Writ of Mandamus Petition" and "7th Writ of Mandamus Order" filed by Plaintiff Mohammad Sharifi (docs. 8, 9). Upon consideration, the documents are STRICKEN. This action has been transferred to the United States District Court in the Northern District of Alabama, Civil Action No. 5:23-00661, and the action in this district court is closed.

Alternatively, to the extent that Sharifi seeks a Writ of Mandamus independent of the recently transferred civil action, the Petition is dismissed for lack of jurisdiction. Rule 81(b) of the Federal Rules of Civil Procedure abolished any independent federal action for writ of mandamus. Also, Sharifi appears to seek mandamus against Broussard as prosecutor, the trial judge, and circuit court clerk in the state court prosecution which lead to Sharifi's conviction and possibly against Governor Kay Ivey, Alabama Attorney General Steve Marshall, and other state officials or judges (doc. 8, p. 1, 2). In that regard. the federal district courts do not have jurisdiction to issue a writ of mandamus to order state officials or other state entities to perform their duties. See <u>Johnson v. Pasco Co. Det'n. Center</u>, 2023 WL 3740092 (M.D. Fla. 2023) (citing

Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971);[1] and citing Campbell v. Gersten, 394 Fed. Appx. 654 (11th Cir. 2010) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing Lamar, 440 F.2d at 384); Lawrence v. Miami-Dade County State Att'y Office, 272 Fed. Appx. 781, 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); Bailey v. Silberman, 226 Fed. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.").

To the extent that Sharifi petitions this district court to issue the Writ against members of the federal judiciary, specifically the Chief Justice of the Supreme Court, the Chief Justice of the Eleventh Circuit Court of Appeals, United States District Judge L. Scott Coogler, and United States District Judge Anna Manasco (doc. 8, p. 2), the petition is dismissed for lack of jurisdiction. The federal All Writs Act, 28 U.S.C. § 1361, provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the judiciary is not within the purview of this statute. Trackwell v. U.S. Gov't, 472 F.3d 1242, 1246 (10th Cir. 2007) ("The context of [28 U.S.C. § 1361] argues for, not against, exclusion of the judiciary from its compass. For a district court to issue a writ of mandamus against an equal or

---

[1] Fifth Circuit decisions issued before October 1, 1981, are binding on this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

higher court would be remarkable. As Justice Harlan wrote in his concurrence in <u>Chandler v. Judicial Council of Tenth Circuit</u>, 398 U.S. 74, 94, 90 S.Ct. 1648, 26 L.Ed.2d 100 (1970), "§ 1361 ... extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals."); <u>In re Novak</u>, 771 F. Appx. 680, 682 (7th Cir. 2019) ("We agree that, contextually, § 1361 does not support district court mandamus jurisdiction over other courts (much less higher courts)."); <u>see also Semper v. Gomez</u>, 747 F. 3d 229 (3rd Cir. 2014) (finding that a district court judge properly dismissed a petition for mandamus against the chief judge of the district and stating "we do not believe that it would be appropriate for the District Court of the Virgin Islands to issue a writ of mandamus against its own Chief Judge.").

    DONE and ORDERED this the 29th day of August 2023.

                                                s/ Kristi K. DuBose
                                                KRISTI K. DuBOSE
                                                UNITED STATES DISTRICT JUDGE